76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sarah Lee DAVIS, Plaintiff-Appellant,
v.
SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE, Defendant-Appellee.
 No. 94-16439.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 25, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sarah Lee Davis appeals pro se the district court's judgment for the defendant, Sacramento County District Attorney's Office ("DA's office"), following a bench trial. Davis, an African-American, alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), when she was terminated from a temporary clerical position. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Davis contends that the district court erred by entering judgment for the DA's office because she submitted sufficient evidence to show that she was discriminated against on the basis of her race. This contention lacks merit.
 
 
 4
 "In reviewing a judgment following a bench trial, we review the district court's findings of fact for clear error and its legal conclusions de novo." Tonry v. Security Experts, Inc., 20 F.3d 967, 970 (9th Cir.1994). To establish a prima facie case of discrimination under Title VII, a plaintiff must show (1) membership in a protected class, (2) that he or she was qualified for the job, (3) an employment decision, and (4) that the position was given to a non-protected class applicant with equal or inferior qualifications. See Washington v. Garrett, 10 F.3d 1421, 1433-34 (9th Cir.1994).
 
 
 5
 At trial Davis failed to make out a prima facie case of race discrimination. The position from which Davis was terminated was filled by another African-American woman. In addition, the DA's office submitted extensive evidence of well-documented performance problems with Davis. Because Davis could not show either that she was qualified for the position or that the position was given to someone outside her protected class, Davis failed to make a prima facie case of race discrimination and judgment for the DA's office was proper. See id. Furthermore, given this inability to make out a prima facie case of discrimination, the district court did not abuse its discretion by denying Davis' motion for appointment of counsel. Cf. Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318-19 (9th Cir.1981) (holding that the district court must consider the merits of plaintiff's lawsuit when ruling on a motion for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B)).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to review Davis' vague and general allegations concerning the district judge's bias. See International Union of Bricklayers & Allied Craftsmen Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief" (citation omitted))